UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

|  |  |  |
|---|---|---|
| CARL WOODARD, | : | CASE NO. 5:22-cv-01728 |
| Plaintiff, | : | OPINION & ORDER |
|  | : | [Resolving Docs. 1, 10] |
| v. | : |  |
| COMMISSIONER OF SOCIAL SECURITY, | : |  |
| Defendant. | : |  |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Plaintiff Carl Woodard seeks review of Defendant Commissioner of Social Security's final decision denying Disability Insurance and Supplemental Security Income benefits.[1] Plaintiff raises only a single alleged Administrative Law Judge ("ALJ") mistake. He argues that the ALJ gave insufficient weight to Sonya Wells's opinion.[2] Wells served as Plaintiff's treating nurse and gave an opinion that Woodard had significant knee injury limitations that impaired his ability to work. The ALJ found that opinion to be only partially persuasive.[3]

Magistrate Judge Armstrong filed a Report and Recommendation recommending that this Court affirm the Commissioner's decision.[4] Plaintiff timely filed objections to those recommendations,[5] and the Commissioner responded.[6]

For the reasons given below, the Court **OVERRULES** Plaintiff's objections, **ADOPTS** in part Magistrate Judge Armstrong's Report and Recommendation, and **AFFIRMS** the

---

[1] Doc. 1.
[2] Doc. 7 at 13–18; Doc. 10.
[3] Doc. 4 at 24.
[4] Doc. 9.
[5] Doc. 10.
[6] Doc. 11.

Case No. 5:22-cv-01728
GWIN, J.

Commissioner's decision.

## Background

In January 2021, Plaintiff Woodard filed applications for Social Security disability benefits.[7] With his disability applications, Plaintiff claimed several disabling impairments, but only his claims of knee pain and other knee issues are relevant here.[8] At the time of his applications, Woodard was forty-one years old.[9]

On June 8, 2022, an ALJ denied those applications, finding that Plaintiff's knee problems and other claimed impairments did not disable him from work.[10] The ALJ found that Plaintiff's knee problems restricted Plaintiff's residual functional capacity (ability to work) to light work subject to moderate limitations.[11] For example, the ALJ determined that Plaintiff could never climb ladders, ropes, or scaffolds, but that he could occasionally climb ramps and stairs.[12]

Plaintiff contends that the ALJ made a mistake when the ALJ considered how Plaintiff's knee problems limited Plaintiff's overall ability to work. To support his argument, Plaintiff Woodard says the ALJ improperly weighed Nurse Wells's opinion as only partially persuasive.[13] In completing a form opinion evaluation, Nurse Wells gave the opinion that Plaintiff had less ability to work than the ALJ's residual functional capacity finding,[14] and Plaintiff suggests that the ALJ should have given Nurse Wells's opinion more weight.[15]

On July 27, 2023, Magistrate Judge Armstrong issued a Report and Recommendation

---

[7] Doc. 4 at 14. For consistency, citations to this document are to the stamped transcript page numbers.
[8] *See* Doc. 10 at 1–2.
[9] Doc. 4 at 186.
[10] *Id.* at 14–27.
[11] *Id.* at 20.
[12] *Id.*
[13] Doc. 10 at 1–2; *see also* Doc. 4 at 24.
[14] *Compare* Doc. 4 at 478–80 (Nurse Wells's opinion), *with* Doc. 4 at 14–27 (ALJ Decision).
[15] *See* Doc. 10.

Case No. 5:22-cv-01728
GWIN, J.

rejecting that contention and recommending that the Court affirm the Commissioner.[16]

## Legal Standard

The Court reviews de novo those portions of a magistrate judge's recommendations that a party objects to.[17]

In the Social Security disability context, courts review the Social Security administrative decision to decide whether the administrative decision is "supported by substantial evidence and [] made pursuant to proper legal standards."[18]

The question of whether the ALJ applied proper legal standards is reviewed de novo.[19] In contrast, substantial evidence review is deferential, and courts should affirm so long as substantial evidence exists, "even if there is [also] substantial evidence in the record that would have supported an opposite conclusion."[20] There is substantial evidence when the record contains "more than a scintilla of evidence but less than a preponderance" such that "a reasonable mind might accept [the evidence] as adequate to support a conclusion."[21] Substantial evidence review is "based on the record as a whole," and a court may consider record evidence that the ALJ did not cite.[22]

However, even if a decision is supported by substantial evidence, a court will not uphold the ALJ decision if the ALJ failed to follow regulations, unless that failure to do so was harmless.[23]

---

[16] Doc. 9.
[17] 28 U.S.C. § 636(b)(1).
[18] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (citation omitted).
[19] *Cardew v. Comm'r of Soc. Sec.*, 896 F.3d 742, 746 (6th Cir. 2018).
[20] *Id.* at 745–46 (quoting *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009)).
[21] *Rogers*, 486 F.3d at 241 (quoting *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)).
[22] *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001).
[23] *Rabbers v. Comm'r Soc. Sec. Admin.*, 582 F.3d 647, 651, 654 (6th Cir. 2009).

Case No. 5:22-cv-01728
GWIN, J.

## Discussion

Plaintiff Woodard makes three arguments: (1) substantial evidence did not support the weight that the ALJ gave Nurse Wells's opinion; (2) the ALJ failed to explain his weighing; and (3) the ALJ made a mistake in finding Wells's opinion vague when discussing how Plaintiff's physical limitations impacted vocational tasks.[24] The Court addresses each in turn.[25]

**Substantial Evidence.**

Plaintiff's primary argument is that the ALJ's weighing was not backed by substantial evidence because Wells's opinion was both supportable and consistent with the medical record.[26]

Under Social Security regulations, an ALJ weighing medical opinions must consider two factors: supportability and consistency.[27] The supportability analysis examines "the extent to which 'the objective medical evidence and supporting explanations presented by a medical source . . . support his . . . medical opinion(s).'"[28] The consistency analysis looks at how consistent a medical opinion is with evidence from other sources.[29]

Here, substantial evidence supported the finding that Nurse Wells's opinion is not

---

[24] Doc. 10.
[25] Plaintiff also briefly objects to Magistrate Judge Armstrong's conclusion that the opinions of state reviewing physicians supported the ALJ's ultimate findings regarding Plaintiff's work limitations. Doc. 10 at 5. However, Magistrate Judge Armstrong had no occasion to opine on the strength of the state reviewing physicians' opinions because Plaintiff did not attack those physicians' opinions in his merits brief. *See generally* Doc. 7. Therefore, the Court will not adopt the portion of the Report and Recommendation addressing the state reviewing physicians. Doc. 9 at 16–17.
[26] Doc. 10 at 2–4.
[27] 20 C.F.R. §§ 404.1520c(a), (b)(2). This regulation also identifies other factors relevant to weighing a medical opinion, but supportability and consistency are the most important and are the only factors that an ALJ must always address.
[28] *Sallaz v. Comm'r of Soc. Sec.*, No. 4:22-CV-01239, 2023 WL 5043702, at *10 (N.D. Ohio June 26, 2023) (omissions in original) (quoting 20 C.F.R. § 404.1520c(c)(1)), *report and recommendation adopted*, 2023 WL 5266613 (N.D. Ohio Aug. 16, 2023).
[29] 20 C.F.R. § 404.1520c(c)(2).

- 4 -

Case No. 5:22-cv-01728
GWIN, J.

well-supported because it is a checkbox form.[30] Nurse Wells's opinion largely consists of Wells checking off a set of work limitations from various pre-defined selections with virtually no explanation for her choices.[31] Even though the opinion does identify a diagnosis and symptoms, Wells did not elaborate on why the diagnosis and symptoms support her checked-off opinion.[32] And in any case, the identified diagnosis and symptoms are cursory and generic: The diagnosis is simply "knee injury" and "knee pain," and the symptoms are "pain to knee," edema, and insomnia.[33]

There is also substantial evidence that Nurse Wells's opinion is not fully consistent with the other evidence in the record. The ALJ found the medical record supported a residual functional capacity of a "reduced range of light work" and that this was consistent with Nurse Wells's opinion that Plaintiff could frequently carry twenty pounds.[34] But the ALJ found the administrative record did not support Wells's opinion that Plaintiff could only work in a position that allowed Plaintiff to miss four days of work per month.[35]

Because Plaintiff takes no issue with the ALJ's other findings, the Court addresses only the area of disagreement. In that respect, the record includes substantial evidence that Plaintiff's knee problems were more moderate than Nurse Wells's disability limitations. While Plaintiff suffered from left knee arthritis, records show that he received "good relief" from an injection that his doctor prescribed[36] even though the injections did not last as long

---

[30] The Sixth Circuit has repeatedly found that similar checkbox- or checklist-style forms are weak and poorly supported evidence. *See, e.g., Shepard v. Comm'r of Soc. Sec.*, 705 F. App'x 435, 441 (6th Cir. 2017); *Ellars v. Comm'r of Soc. Sec.*, 647 F. App'x 563, 566–67 (6th Cir. 2016); *Hernandez v. Comm'r of Soc. Sec.*, 644 F. App'x 468, 474 (6th Cir. 2016).
[31] Doc. 4 at 478–80.
[32] *Id.*
[33] *Id.* at 478.
[34] *Id.* at 24.
[35] *Id.*
[36] *Id.* at 460.

Case No. 5:22-cv-01728
GWIN, J.

as hoped.[37] Imaging of Plaintiff's right knee was also "unremarkable," showing normal soft tissues and "[n]o other significant arthritic changes" beyond "mild narrowing" in one compartment of the knee.[38] And despite being limited by a knee brace and walking stick, Plaintiff was still able to walk with a normal gait.[39]

Moreover, Plaintiff's treatment history does not reflect the types of aggressive interventions that would be expected if his knee problems were as debilitating as Nurse Wells opined.[40] In particular, Plaintiff was not prescribed any pain medications beyond medical marijuana and ibuprofen.[41]

In short, the medical record reveals that Plaintiff suffered from knee problems that limited his functioning. But the problems catalogued in the record are inconsistent with Nurse Wells's strict work limitations.

Because Wells's opinion was not well-supported and only partially consistent with the record, there is substantial evidence supporting the ALJ's conclusion to assign partially persuasive weight to the opinion.

**Lack of Explanation**

Plaintiff next argues that, even if the ALJ's weighing was supported by substantial evidence, the ALJ erred by failing to explain his analysis of Wells's opinion.[42]

Social Security regulations require ALJs to always explain their consideration of supportability and consistency when assessing a medical opinion.[43] In practice, this means

---

[37] Doc. 4 at 471.
[38] *Id.* at 1038.
[39] *Id.* at 1054.
[40] The Court notes that Plaintiff did not attempt a knee replacement because he was too young, a rationale unrelated to the severity of Plaintiff's knee problems. *Id.* at 460. Thus, the Court does not consider that fact in its analysis of consistency.
[41] *Id.* at 1053–54 (no prescription pain medications); *id.* at 459 (medical marijuana); *id.* at 637 (ibuprofen as needed).
[42] Doc. 10 at 4–5.
[43] 20 C.F.R. § 404.1520c(b)(2). To the extent Plaintiff argues that the ALJ was required to explain factors beyond supportability and consistency, the Court rejects that argument. An explanation of other factors is required only if multiple

Case No. 5:22-cv-01728
GWIN, J.

that an ALJ must analyze the medical record in the context of supportability and consistency *somewhere* in his decision; after he performs that analysis of the medical record once, he need not reproduce it every time he discusses a new medical opinion.[44]

The ALJ in this case has provided adequate explanation. He explicitly noted that the opinion "is a simple check box that does not provide much rationale as to how [Wells's] opinion was formulated."[45] That suffices to explain supportability. And while the ALJ made only conclusory statements about consistency in his paragraph discussing Wells's opinion, earlier in his decision, he reviewed the medical record for consistency with Plaintiff's testimony.[46] The ALJ found both Plaintiff's testimony and Wells's opinion to be inconsistent with the medical record because they advanced work limitations that were too strict, so the ALJ's consistency analysis for Plaintiff's testimony also applies to Wells's opinion.[47]

Regardless, even if the ALJ had offered no explanation, remand would not be justified. Because Wells's opinion is a checkbox form, it is "patently deficient" and of so little evidentiary value that failure to offer an explanation would be harmless.[48]

**Vocational Vagueness**

Finally, Plaintiff argues that the ALJ improperly discounted Wells's opinion as vague.[49] As Magistrate Judge Armstrong noted, this is a close question.[50] It is also a question that the

---

medical opinions are equally well-supported and consistent with the record. 20 C.F.R. § 404.1520c(b)(2)–(3). Here, there are no medical opinions that have the same level of supportability and consistency as Wells's opinion. *See* Doc. 4 at 23–25.
[44] *Kraig v. Kijakazi*, No. 1:21-cv-1253, 2022 WL 4232692, at *9 (N.D. Ohio Sept. 14, 2022) (collecting cases).
[45] Doc. 4 at 24.
[46] *See id.* at 24 (discussion of Nurse Wells's opinion); *id.* at 22–23 (discussing how Plaintiff's testimony is inconsistent with the medical record).
[47] *See id.* at 21–23 ("[C]laimant's statements concerning the . . . limiting effects of [his] symptoms are not entirely consistent with the medical evidence and other evidence in the record . . . .").
[48] *Hernandez*, 644 F. App'x at 474–75; *see also Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546–47 (6th Cir. 2004) (failing to explain a decision not to credit a medical opinion is harmless when that opinion is "patently deficient").
[49] Doc. 10 at 4.
[50] Doc. 9 at 19.

- 7 -

Case No. 5:22-cv-01728
GWIN, J.

Court need not address because it has already found that substantial evidence justifies the ALJ's weighing of Wells's opinion.  As a result, the ALJ's conclusion of vagueness is harmless even if it is wrong, and the Court does not adopt the Report and Recommendation's discussion of vocational vagueness.[51]

## Conclusion

For the foregoing reasons, the Court **OVERRULES** Plaintiff's objections, **ADOPTS** in part the Report and Recommendation, and **AFFIRMS** the Commissioner's decision.

IT IS SO ORDERED.

Dated: September 11, 2023         *s/      James S. Gwin*
                                  JAMES S. GWIN
                                  UNITED STATES DISTRICT JUDGE

---

[51] *Keeton v. Comm'r of Soc. Sec.*, 583 F. App'x 515, 524 (6th Cir. 2014) ("[E]ven where the ALJ's decision is based on mistakes, this Court affirms those conclusions if the mistakes constituted harmless error."); *see also Rabbers*, 582 F.3d at 654  ("Generally [] we review decisions of administrative agencies for harmless error.").